UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CORNELIUS TAYLOR, #K3171 | PLAINTIFF/ PETITIONER |
| VERSUS | CIVIL ACTION NO. 1:08-cv-1363-LG-RHW |
| STATE OF MISSISSIPPI et al | DEFENDANTS/ RESPONDENTS |

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the Court is Respondents' [14] Motion to Dismiss Cornelius Taylor's 28 U.S.C. § 2254 habeas petition as time barred by the AEDPA's one-year limitation period. Taylor raises the following claims in his petition: (1) selective prosecution by the State of Mississippi; (2) improper jury instruction; (3) false statements by the Prosecution to the Judge; (4) use of irrelevant and inadmissible testimony; (5) lack of recordation of Grand Jury minutes; (6) perjured testimony by State witness; (7) tampering of State witness and alleged victim by Prosecution; and (8) ineffective assistance of counsel. The Respondents assert that the petition should be dismissed as time barred because Taylor's conviction and sentence became final on April 30, 2003; therefore, in order to defeat the time-bar requirement his § 2254 petition must have been filed on or before April 30, 2004. Taylor filed his § 2254 petition on October 22, 2008, at the earliest, thereby rendering it untimely.

**LAW AND ANALYSIS**

Section 2244 provides in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period expires one year after Petitioner's conviction and sentence became final. In this case, Taylor was convicted of sexual battery and child molestation in the Circuit Court of Pearl River County, Mississippi. The State court sentenced him to 30 years for sexual battery with 15 years suspended and ten years for child molestation with five years suspended. These sentences were to be served consecutively in the custody of the Mississippi Department of Corrections. On June 4, 2002, the Mississippi Court of Appeals affirmed Taylor's judgments of conviction and sentences in a published opinion. *Taylor v. State*, 836 So. 2d 774 (Miss. Ct. App. 2002), *reh'g denied*, September 24, 2002, *cert. denied*, January 30, 2003. The Mississippi Supreme Court denied Taylor's petition for certiorari on January 30, 2003. *Taylor v. State*, 835 So.2d 952 (Table) (Miss. 2003). Taylor did not file a subsequent petition for writ of certiorari to the United States Supreme Court. Therefore, Taylor's judgment became final on April 30, 2003, 90 days after the final decision in state court. *See Roberts v. Cockrell*, 319 F.3d

690 694 (5th Cir. 2003). In order for his § 2254 petition to be timely, Taylor had to file his petition on or before April 30, 2004. Taylor signed his petition on October 22, 2008, and the petition was filed with this court on October 27, 2008. This was well beyond the one-year limitations period provided for by the AEDPA. Unless Taylor is entitled to any tolling provision or his petition falls into one of the narrow exceptions of § 2244(d)(1)(B-D), then Taylor's petition is time barred.

It is undisputed that Taylor did not file for post-conviction or other collateral relief in the State courts. In response to this motion to dismiss, Taylor fails to address the time-bar issue or the timing of his petition. For example, Taylor does not argue that he is entitled to equitable tolling. He merely reargues the merits of his case. However, Taylor does argue that the AEDPA does not apply to his case because he is not under a capital sentence or under the death penalty, nor is he a terrorist against his State or country. Additionally, Taylor argues that "[i]t is inconceivable that [he] could have met the statute of limitations of one-year, when he was not even born nor incarcerated at the time these rights were recognized by the Supreme Court of the United States." Taylor's assertions display a fundamental misunderstanding of the scope and purpose of the AEDPA. It is well established that the AEDPA applies to all federal habeas corpus petitions filed after the AEDPA's enactment, even those petitions submitted by individuals convicted of noncapital offenses. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Hence, the AEDPA's one-year limitation applies to Taylor, and his § 2254 petition is time barred.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Respondents' [14] Motion

to Dismiss be granted and that Taylor's § 2254 petition be dismissed as time barred.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who objects to this recommendation must, within ten (10) days after being served a copy of the Recommendation, serve and file with the Clerk of Court his written objections to the Recommendation, with a copy to the District Judge, the U.S. Magistrate Judge and the opposing party. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. A party's failure to file objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a *de novo* determination by the District Court. A party who fails to file written objections to the proposed findings, conclusions and Recommendation within ten (10) days after being served with a copy, shall be barred, except upon the grounds of plain error, from attacking on appeal any proposed factual finding and legal conclusion accepted by the District Court to which the party did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO, ORDERED, this the 20th day of April, 2009.

                                                                              s/ *Robert H. Walker*
                                                                      UNITED STATES MAGISTRATE JUDGE