# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CORNELIUS TAYLOR** | § | **PETITIONER** |
| | § | |
| V. | § | NO. 1:08cv1363-LG-RHW |
| | § | |
| **STATE OF MISSISSIPPI, JIM HOOD, and** | § | |
| **JACKIE PARKER** | § | **RESPONDENTS** |

## ORDER ADOPTING PROPOSED FINDINGS OF FACT AND RECOMMENDATION

**BEFORE THE COURT** is the Proposed Findings of Fact and Recommendation [17] of United States Magistrate Judge Robert H. Walker, entered in this cause on April 20, 2009, regarding Respondents State of Mississippi, Jim Hood, and Jackie Parker's [14] Motion to Dismiss Petitioner Cornelius Taylor's [1] Petition for Habeas Corpus pursuant to § 2254. Magistrate Judge Walker recommends that the petition be denied as time-barred. Taylor timely filed his Objection. The Court has conducted a *de novo* review of his objections, and the Court is of the opinion that the findings and conclusions of the Magistrate Judge should be adopted.

## FACTS AND PROCEDURAL HISTORY

Taylor was indicted on charges of capital rape, sexual battery, and child molestation. He was acquitted of rape but convicted of sexual battery and child molestation in the Circuit Court of Pearl River County, Mississippi. The trial court sentenced him to thirty years, with fifteen suspended, in the custody of the Mississippi Department of Corrections on the first count and consecutively fifteen years, with five suspended, on the second count. After the Mississippi Court of Appeals affirmed his conviction, the Mississippi Supreme Court denied *certiorari* on January 30, 2003. He did not seek *certiorari* from the United States Supreme Court nor did he file for post-conviction relief in the State court.

On October 22, 2008, Taylor filed the instant Petition for a Writ of Habeas Corpus arguing selective prosecution, improper jury instruction, prosecutorial misconduct, the expert witness's testimony was unfairly prejudicial, the Grand Jury minutes should be recorded, perjury before the Grand Jury, and witness tampering.

**DISCUSSION**

Taylor objects to the Magistrate Judge's recommendation, arguing that (1) it is Taylor's lawyer's fault that no petition for *certiorari* was filed to the United States Supreme Court and (2) Taylor did not file for post-conviction relief because he thought it would be redundant. He asks that his case not be dismissed for these failures. However, Judge Walker did not recommend that the case be dismissed because there was no petition for *certiorari* filed with the United States Supreme Court or because there was no post-conviction relief sought from the State court. Rather Judge Walker recommended that the petition be dismissed as untimely because the deadline to file it was April 30, 2004, but the petition was not filed until 2008.

Taylor also argues the one year statute of limitations should be tolled because he has no evidence that the Mississippi Court of Appeals ever issued a mandate and thus his conviction was never final. "To be entitled to equitable tolling, [Taylor] must show '(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," or he was actively misled by the defendant. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002). *Pro se* status by itself does not qualify as an extraordinary circumstance. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

This equitable tolling argument was not presented to the Magistrate Judge. Waiver

2

notwithstanding, it fails on the merits. Taylor provides no evidence that the mandate was never issued. He merely speculates that it was not. Further, he provides no evidence or authority that the mandate was needed before he could seek habeas review. Even if the Court were to assume that the mandate never issued and assume that this was an extraordinary circumstance that prevented timely filing of his habeas petition, there is one final reason why this line of argument fails. He does not show that he was diligently pursuing his rights in the approximately five years and six months since the time for direct review lapsed. Therefore, equitable tolling does not apply.

After a *de novo* review of Taylor's objections, they are overruled, and Magistrate Judge Walker's Proposed Findings of Fact and Recommendation are adopted as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation [17] of United States Magistrate Judge Robert H. Walker, entered on April, 20, 2009, be, and the same hereby is, adopted as the opinion of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Dismiss [14] is **GRANTED.** Petitioner Cornelius Taylor's [1] Petition for Habeas Corpus is **DISMISSED**. A separate judgment will be entered herein in accordance with this Order as required by FED. R. CIV. P. 58.

**SO ORDERED AND ADJUDGED** this the 25th day of September, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE